UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Sep 02 2026
ARTHUR JOHNSTON, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**KENDALL MAGEE** **PETITIONER**

**v.** **Civil No. 2:25cv82-HSO-RPM**

**SUPERINTENDENT BRAND HUFFMAN** **RESPONDENT**

**ORDER OVERRULING PETITIONER'S OBJECTIONS [22]; ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20]; GRANTING RESPONDENT'S MOTION [12] TO DISMISS; AND DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AS UNTIMELY**

This matter comes before the Court on Petitioner Kendall Magee's Objections [22] to the Report and Recommendation [20] of United States Magistrate Judge Robert P. Myers, Jr., recommending that Respondent Superintendent Brand Huffman's Motion [12] to Dismiss be granted and that Petitioner's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus be dismissed with prejudice as untimely.

After due consideration of the Motion [12], the Report and Recommendation [20], Petitioner's Objections [22], the record, and relevant legal authority, the Court finds that the Objections [22] should be overruled, that the Magistrate Judge's Report and Recommendation [20] should be adopted, that Respondent's Motion [12] to Dismiss should be granted, and that the Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d).

## I. BACKGROUND

### A. State-Court Proceedings

Petitioner Kendall Magee ("Petitioner" or "Magee") was indicted on January 23, 2015, in the Circuit Court of Walthall County, Mississippi (the "Circuit Court"), on one count of first-degree murder in violation of Mississippi Code § 97-3-19 (Count One), and one count of possession of a firearm by a convicted felon in violation of Mississippi Code § 97-37-5 (Count Two). *See* R. [11-1] at 8-9 (filed restricted access). Pursuant to a plea agreement, Count One was amended to a second-degree murder charge, and Magee then pled guilty to Counts One and Two. *See id.* at 15; R. [11-2] at 43 (filed restricted access); R. [11-6] at 13 (filed restricted access). On September 1, 2015, Magee was sentenced to 35 years imprisonment in the custody of the Mississippi Department of Corrections ("MDOC") with ten years suspended as to Count One, and ten years imprisonment with ten years suspended as to Count Two, with the two sentences to run consecutively to each other. *See* R. [11-1] at 17-19 (filed restricted access). Magee did not file a direct appeal.

Over two years later, on or about November 6, 2017, Magee filed a pro se motion for post-conviction relief ("PCR motion") in the Circuit Court. *See* R. [11-18] at 4-55 (filed restricted access). He then filed a motion to dismiss his PCR motion without prejudice in order to "amend and better organize [it] before refiling," which the Circuit Court granted on June 11, 2018. *Id.* at 57.

On July 12, 2018, Magee filed a second PCR motion in the Circuit Court. *See* R. [11-1] at 20-48 (filed restricted access). After conducting an evidentiary

hearing on September 10, 2019, the Circuit Court announced it was denying the PCR motion, and it filed an order to that effect on October 31, 2019. *See* R. [11-2] at 42-75 (filed restricted access); R. [11-3] at 10 (filed restricted access). Magee appealed the denial of his PCR motion, *see* R. [11-2] at 56, 76 (filed restricted access), and the Mississippi Court of Appeals affirmed, *see* R. [11-8] at 31-47 (filed restricted access). Magee then filed a petition for writ of certiorari, *see* R. [11-9] at 1-5 (filed restricted access), and on June 9, 2022, the Mississippi Supreme Court reversed and remanded for "a second evidentiary hearing about 'whether Magee was misinformed as to the consequences of his pleas of guilty and whether those pleas were given in reliance on the alleged misinformation," R. [11-10] at 15 (footnote omitted) (filed restricted access).

The Circuit Court held a second evidentiary hearing on the PCR motion on August 22, 2022. *See* R. [11-11] at 443 (filed restricted access). On October 21, 2022, the Circuit Court entered an order denying the motion, finding that Magee "was not misinformed by his attorney as to the consequences of his pleas of guilty" and that his guilty pleas "were entered into voluntarily and intelligently." *Id.* at 446. Magee filed a motion for reconsideration, *see id.* at 448, which the Circuit Court denied on December 12, 2022, *see id.* at 456-57. Magee appealed, *see id.* at 458, and on August 27, 2024, the Mississippi Court of Appeals affirmed, *see* R. [11-15] at 25-37 (filed restricted access). Then, on February 25, 2025, it denied Magee's motion for rehearing, and on May 8, 2025, the Mississippi Supreme Court denied Magee's petition for writ of certiorari. *See* R. [11-16] at 1-4, 38 (filed restricted

access); *Magee v. State*, 408 So. 3d 1283, 1290 (Miss. Ct. App. 2024), *reh'g denied* (Feb. 25, 2025), *cert. denied*, 408 So. 3d 1274 (Miss. 2025).

B. Procedural History

On or about June 13, 2025, Magee deposited a Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the prison mailing system, which was received and docketed by the Clerk on the same date. *See* Pet. [1] at 1, 17. Respondent filed a Motion [12] to Dismiss, arguing that the Petition [1] should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). *See* Mot. [12] at 14-25. After a full review of the record, the Magistrate Judge recommended that Respondent's Motion [12] be granted and that Magee's Petition [1] be dismissed with prejudice as untimely. *See* R. & R. [20] at 10.

Magee "specifically objects to the Report's resolution of disputed facts concerning when he received meaningful notice of the day-for-day nature of his sentence, its treatment of his diligence and the unusual state-court history, and its recommendation of dismissal with prejudice without further factual development." Obj. [22] at 2. Magee raises the following grounds:

- "The record does not conclusively establish when MDOC communicated the controlling time-to-serve determination" to him, starting the clock under 28 U.S.C. § 2244(d)(1)(D). *Id.* at 3 (Objection One).
- "The equitable tolling analysis should consider the complete, fact-specific chronology rather than only the date of the first PCR signature." *Id.* at 4 (Objection Two).
- The state-court proceedings may not revive the expired federal statute of limitations but is "relevant to the equitable relief and the requested disposition." *Id.* at 5 (Objection Three).
- "The Court should not reject the petition merely because Petitioner first pursued the state remedy that federal exhaustion doctrine generally requires." *Id.* at 6 (Objection Four).

- “The underlying plea claim should be recognized as substantial, even though merits strength alone does not eliminate [the] time bar.” *Id.* at 7 (Objection Five).
- “Petitioner preserves the miscarriage-of-justice argument only to the extent supported by new reliable evidence of factual innocence.” *Id.* at 8 (Objection Six).
- “Dismissal with prejudice should not be entered without allowing a focused timeliness supplement or hearing if material facts remain disputed.” *Id.* at 9 (Objection Seven).

## II. DISCUSSION

### A. Standard of Review

Because Petitioner has filed written Objections [22] to the Report and Recommendation [20], the Court “make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.” 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. “Such review means that this Court will examine the entire record and will make an independent assessment of the law.” *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not “required to reiterate the findings and conclusions of the magistrate judge.” *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Section 2244(d) provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> * * *

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt his Report and Recommendation [20].

B. <u>Analysis</u>

1. <u>Commencement of the Limitations Period</u>

In opposition to Respondent's Motion [12] to Dismiss, Petitioner argued that "he only learned—from MDOC classification and later state-court proceedings—that counsel's promise" concerning the time that he would serve was false, which Petitioner characterized as a "classic § 2244(d)(1)(D) situation." Resp. [15] at 2; *see id.* at 4. Petitioner contends that he could not discover the factual predicate for his claims, that the plea entered was based on false information, until he was told by the authority that calculated his time that he would actually serve far longer than he had been told and that he was not eligible for parole, so he reasons that § 2244(d)(1)(D) provides the start date for the one-year statute of limitations, making the Petition [1] timely. *See id.* at 6-7.

The Magistrate Judge addressed this argument and determined that, after Petitioner's guilty plea in state court, the judgment entered on September 3, 2015,

became final when the 90-day period to seek certiorari from the United States Supreme Court expired, which was on December 2, 2015. *See* R. & R. [20] at 5 (citing *Wallace v. Mississippi*, 43 F.4th 482, 497-500 (5th Cir. 2022); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)). Under 28 U.S.C. § 2244(d)(1)(A), absent statutory or equitable tolling, Petitioner's deadline for filing a habeas petition was December 2, 2016, *see id.*, but he did not file his first PCR motion in state court until November 6, 2017, *see* R. [11-18], and did not file his § 2254 Petition [1] until June 13, 2025, *see* Pet. [1].

In his Objections [22], Petitioner argues that § 2244(d)(1)(D) applies. *See* Obj. [22] at 3-4. He contends that the one-year limitations period did not commence until "the date on which the factual predicate could have been discovered through due diligence," meaning "the first date on which reasonable diligence would have disclosed that the release advice allegedly inducing [his guilty] plea was false." *Id.* at 3. But Petitioner does not state what that commencement date was and posits that the Court must determine that date based upon evidence. *See id.*

In Objection Seven, he

> requests a limited opportunity to submit a sworn declaration and documentary evidence addressing: (1) the date and substance of his MDOC classification; (2) when the time computation was delivered or explained; (3) his efforts between September 2015 and August 2017; and (4) any external circumstance that actually prevented a timely federal filing. Section 636(b)(l) permits the District Judge to receive further evidence. A focused supplement would permit de novo review on an accurate record and avoid resolving a potentially dispositive factual issue through inference alone.

*Id.* at 9.

Section 2244(d)(1)(D) provides that the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Fifth Circuit has "held that this means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015). "[C]ourts have . . . put the burden on the petitioner to show his petition is timely under Section 2244(d)(1)(D) by demonstrating the date that the factual predicate of the claim could have been discovered through the exercise of due diligence." *Warren v. Dir., TDCJ-CID*, No. 3:21-CV-787-M-BN, 2022 WL 10187499, at *4 (N.D. Tex. Sept. 20, 2022) (collecting cases), *report and recommendation adopted*, No. 3:21-CV-0787-M-BN, 2022 WL 10198690 (N.D. Tex. Oct. 17, 2022).

Petitioner does not specify on what date he was placed on notice of facts that would support a habeas claim or when the limitations period for any such claim began to run. *See id.*; *In re Young*, 789 F.3d at 528; Obj. [22]. As the Magistrate Judge pointed out, this likely would have been in September 2015, before the one-year limitations period even started to run. *See* R. & R. [20] at 7-8. While Petitioner's Objections [22] refer to his desire for an opportunity to obtain a declaration or documentary evidence, *see* Obj. [22] at 9, he has been aware of the statute-of-limitations issue since at least October 20, 2025, when the Motion [12] to Dismiss was filed, *see* Mot. [12], which was over ten months prior to his Objections

[22] being filed, *see* Obj. [22]. But Petitioner has offered no evidence regarding when he learned of the factual predicate of his claim or how he exercised diligence in discovering this information. *See Warren*, 2022 WL 10187499, at *4. Moreover, § 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Galbraith v. Hooper*, 151 F.4th 795, 805 (5th Cir. 2025), *cert. denied sub nom. Galbraith v. Vannoy*, No. 25-6213, 2026 WL 1203384 (U.S. May 4, 2026) (quotation omitted). Petitioner's bare assertion that § 2244(d)(1)(D) applies is insufficient, and Objections One and Seven should be overruled.

2. Equitable Tolling

Petitioner also asserted before the Magistrate Judge that he was entitled to equitable tolling because he pursued his rights diligently but "some extraordinary circumstances—like being affirmatively misled about the length of his sentence, then tied up for years in state-ordered evidentiary hearings about that very issue—stood in his way." Resp. [15] at 3; *see id.* at 7-8. Petitioner contended that his diligence was shown because "he kept pressing the *same* misinformation claim" in state court, which "is the opposite of sleeping on one's rights." *Id.* at 8 (emphasis in original). The extraordinary circumstance was "two-fold: (a) the original misinformation by counsel about time to serve—something the prisoner cannot fix himself—and (b) the drawn-out state process *created by the State's own courts* to figure out if that misinformation happened." *Id.* (emphasis in original).

The Magistrate Judge determined that because Petitioner did not cite any

extraordinary circumstances that warranted equitable tolling and he had not shown that he diligently pursued federal habeas relief, he had not carried his burden of proving he was entitled to equitable tolling. *See* R. & R. [20] at 6-8. As the Magistrate Judge pointed out, Magee contends that he did not become aware of the extent of his sentence until he was transferred into MDOC custody after sentencing and "met with classification," which would correspond to the printing of Magee's time sheet. *Id.* at 8. This time sheet was dated September 24, 2015, placing Magee on notice of the correct information regarding his sentence only a few weeks after sentencing and before the one-year statute of limitations even began to run. *See id.* Equitable tolling is therefore not appropriate. *See id.*

Objection Two argues that the Court should take into account "the complete, fact-specific chronology" in an equitable-tolling analysis, Obj. [22] at 4, but recognizes that tolling is not ordinarily appropriate based upon "[o]rdinary mistake, lack of legal knowledge, or confusion," *id.*, or "merely because state litigation remained pending," *id.* at 5. "Petitioner therefore requests permission to supplement the record with a sworn chronology and supporting records showing the causal relationship between any external obstacle and the delay." *Id.* at 4. In Objections Three and Four, Petitioner contends that the state-court proceedings are relevant to his fact-specific request for equitable relief, *see id.* at 5, 6, and in Objection Five, he argues that his underlying constitutional claim is not insubstantial, *see id.* at 7.

Having reviewed the record, the Court agrees with the Magistrate Judge that

Petitioner cannot benefit from equitable tolling on these grounds. "As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (per curiam) (quotation omitted). "Moreover, he must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021) (per curiam) (quotation omitted).

Petitioner has not shown how this case presents any rare and exceptional circumstances where strict application of the statute of limitations would be inequitable. *See Sutton*, 722 F.3d at 317. Petitioner was aware of his sentence as of September 1, 2015, *see* R. [11-1] at 17-19, and the MDOC computed his tentative discharge date on September 24, 2015, Ex. [12-11] at 1. All of this occurred before the 90-day period to seek certiorari from the United States Supreme Court expired and before the one-year statute of limitations even began to run. Nearly ten years later, Petitioner filed his § 2254 Petition [1]. Petitioner has not shown that he has been pursuing his rights diligently, that some extraordinary circumstance stood in his way and prevented timely filing, or the existence of a causal relationship between any extraordinary circumstance and his delay. *See Holland v. Fla.*, 560 U.S. 631, 649 (2010); *Smith*, 848 F. App'x at 628. The Magistrate Judge properly determined that equitable tolling should not apply, and Petitioner's Objections [22]

on this point should be overruled.

3. Statutory Tolling under § 2244(d)(2)

In opposition to Respondent's Motion to Dismiss, Petitioner argued that because his PCR motion was filed within the state statute of limitations, his § 2254 Petition was also timely, because a federal habeas petitioner must exhaust state remedies first. *See* Resp. [14] at 2-6; Resp. [15] at 2-3. He maintains that he "was inside Mississippi's system, doing what Mississippi told him to do, litigating the precise misinformation issue, and the State now wants to punish him for being in that Mississippi pipeline." Resp. [15] at 5. Because "Mississippi accepted his PCR filings, held hearings, and even sent him back for more," Petitioner asserts that "the federal clock was stopped" during his state-court PCR proceedings. *Id.* at 7.

The Magistrate Judge found that Petitioner was not entitled to statutory tolling under § 2244(d)(2) because he had not properly filed an application for state post-conviction relief before the one-year limitations period for filing a federal habeas petition expired. *See* R. & R. [20] at 6 (noting that the limitations period expired December 2, 2016, but the first state PCR motion was not filed until November 6, 2017). Both of Petitioner's state-court PCR motions "were filed after the 1-year [federal] limitations period expired on December 2, 2016." *Id.*

Petitioner now argues in Objection Three that the state-court PCR proceedings tolled the limitations period under § 2244(d)(2). Obj. [22] at 5. "He recognizes, however, that statutory tolling ordinarily pauses a limitations period that is still running and does not restart a period that expired before the state

application was filed." *Id.* So, this argument depends upon Petitioner's contention that either "subsection (D) or equity kept time available before the qualifying PCR was filed . . . ." *Id.* at 6. In Objection Four, Petitioner maintains that the Court should not find his Petition [1] untimely simply because he first pursued the state remedy. *See id.*

The Court has already determined that Petitioner has not shown that § 2244(d)(1)(D) or equitable tolling apply in this case. Because the one-year limitations period had expired prior to the filing of Petitioner's first PCR motion, the § 2244(d) limitations period was not tolled by it. *See* 28 U.S.C. § 2244(d)(2); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired." (emphasis in original)). Petitioner's Objections [22] on this issue should be overruled.

4. <u>Actual Innocence</u>

Finally, Petitioner raised in opposition to the Motion [12] to Dismiss that the Court should apply the actual-innocence gateway recognized in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *See* Resp. [15] at 5, 8-9, 13. He posited that, "if the plea was induced by materially false legal advice, then the conviction itself lacks the reliability that AEDPA's finality rules are supposed to protect." *Id.* at 5.

The Magistrate Judge concluded that this claim, raised for the first time in response to a dispositive motion, was not properly before the Court. *See* R. & R. [20] at 9. But even considering Petitioner's argument, the Magistrate Judge found

that his self-defense claim does not qualify as new evidence under the actual-innocence standard because this information was within Petitioner's personal knowledge at the time he pled guilty, and with his guilty plea, he waived the right to challenge the sufficiency of the evidence. *See id.* at 9-10. The Magistrate Judge therefore determined that Petitioner "fail[ed] to state a valid claim of actual innocence which would permit the Court to consider the merits of his untimely petition." *Id.* at 10.

Objection Six preserves Petitioner's objection "only if the Court considers new reliable evidence—such as previously unavailable physical evidence, trustworthy eyewitness evidence, or other proof—from which it is more likely than not that no reasonable juror would have convicted him." Obj. [22] at 8. He "acknowledges that an involuntary plea, standing alone, establishes legal error rather than factual innocence." *Id.*

In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass," even after expiration of the statute of limitations, but it cautioned that "tenable actual-innocence gateway pleas are rare." 569 U.S. at 386. In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner must persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In this case, Petitioner does not point to any new evidence tending to show he was actually innocent, or that otherwise presents a colorable actual innocence claim. Petitioner seemingly relies upon his own knowledge of his actions, but evidence does not qualify as "new" under the actual-innocence standard "if it was always within the reach of petitioner's personal knowledge or reasonable investigation." *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quotation and alteration omitted). Moreover, Petitioner does not assert factual innocence, which is what is required. *See Bousley*, 523 U.S. at 623; Obj. [22] at 8. His actual innocence argument is not well taken, and Petitioner's Objections [22] on this point should be overruled. *See McQuiggin*, 569 U.S. at 386; *Bousley*, 523 U.S. at 623; Obj. [22] at 8.

In sum, Petitioner's Objections [22] should be overruled, the Magistrate Judge's Report and Recommendation [20] should be adopted, Respondent's Motion [12] to Dismiss should be granted, and the Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Kendall Magee's Objections [22] to the Report and Recommendation [20] of United States Magistrate Judge Robert P. Myers, Jr., are **OVERRULED**, and the Report and Recommendation [20] is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion [12] to Dismiss is **GRANTED**, and Petitioner Kendall Magee's Petition [1]

for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as barred by the applicable statute of limitations.

**SO ORDERED AND ADJUDGED**, this the 2nd day of September, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE